UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STONEYBROOKE INVESTORS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CV-00082-JRG-CRW |
| | ) | |
| AGNESS MCCURRY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Stoneybrooke Investors LLC's Second Amended Application for Attorney Fees [Doc. 32] and Defendant Agness McCurry's Motion for Sanctions [Doc. 39]. As discussed below, Plaintiff's Second Amended Application for Attorney Fees will be **GRANTED** and Defendant's Motion for Sanctions will be **DENIED**.

### I. BACKGROUND

Defendant removed this detainer action from the Circuit Court for Washington County at Jonesborough, Tennessee. [Doc. 2]. Plaintiff moved to remand the case, asserting that removal was untimely and there was no basis for federal jurisdiction. [Doc. 4 at 3]. Plaintiff also sought attorney fees. [*Id.*]. Defendant responded in opposition. [Doc. 12].

Finding that it lacked jurisdiction, the Court granted Plaintiff's motion to remand. [Doc. 16 at 4–5]. The Court also granted Plaintiff's motion for attorney fees, pursuant to 28 U.S.C. § 1447(c), but noted that Plaintiff had not requested a specific amount. [*Id.* at 6–7]. Accordingly, the Court retained limited jurisdiction to determine the appropriate fee award and ordered Plaintiff to submit an application, substantiating the fees reasonably incurred in responding to Defendant's frivolous removal. [*Id.* at 7].

In response to the Court's Order, Plaintiff submitted an Application for Attorney Fees [Doc. 22] and Amended Application for Attorney Fees [Doc. 23]. Defendant filed a response. [Doc. 24]. Upon review of Plaintiff's filings, the Court found that Plaintiff's fee request was not properly supported with evidence and gave Plaintiff a brief extension to submit appropriate documentation. [Doc. 27]. Plaintiff then submitted its Second Amended Application for Attorney Fees [Doc. 32]. Defendant filed a response [Doc. 37], followed by a motion for sanctions against Plaintiff's counsel [Doc. 39].

This matter is ripe for review.

## II.     ATTORNEY FEE AWARD

As discussed in the Court's prior Order [Doc. 16], an award of attorney fees is appropriate in this case. The only issue remaining is what amount constitutes a reasonable fee.

Plaintiff requests a fee award of $875.00. [Doc. 32 at 1]. To substantiate that amount, Plaintiff's counsel has submitted an itemized statement of attorney fees incurred by his client in seeking remand. [Doc. 32-1]. The statement—which breaks down counsel's time by the tenth of the hour and provides descriptions of the work performed—shows that counsel charged for five hours of work at an hourly rate of $175.00. [*Id.* at 4]. In addition, Plaintiff's counsel has submitted an affidavit, attesting that the itemized statement accurately represents the hours spent and rate charged. [Doc. 32-2].

In her responses, Defendant argues that no fee should be awarded because Plaintiff failed to file a corporate disclosure statement, as required by Rule 7.1 of the Federal Rules of Civil Procedure. [Docs. 24, 37]. According to Defendant, this omission was a fraud on the Court, concealing the fact that Plaintiff filed a motion in state court to correct its name to Swadley Apartments LLC. [*Id.*]. Defendant also claims that because of this alleged fraud the Court lacks

2

jurisdiction to grant attorney fees. [Doc. 37 at 4]. However, Defendant's filings contain no rebuttal of the reasonableness of Plaintiff's requested fee amount.

The standard for a reasonable attorney fee is the "lodestar" amount, which consists of "the number of hours reasonably expended on the litigation [multiplied] by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The party requesting attorney fees bears the burden of establishing "the hours worked and the rates sought." *NLRB v. Bannum, Inc.*, 102 F.4th 358, 362 (6th Cir. 2024) (citation omitted). To substantiate a fee request, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). After determining the lodestar, a district court may enhance, or adjust, the fee. *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). There is, however, a "strong presumption" that the loadstar is sufficient. *Perdue v. Kenny A.*, 559 U.S. 542, 553–54 (2010).

The Court has reviewed the materials submitted by Plaintiff's counsel and finds the requested fee to be reasonable. Counsel has charged for only five hours of work. Also, based on the Court's knowledge of analogous cases and experience handling similar fee requests, an hourly rate of $175.00 is consistent with the market rate in this district. As noted above, Defendant has raised no actual objection to the calculation of the fee amount. Accordingly, the Court finds that the loadstar amount in this case is five hours at an hourly rate of $175.00, bringing the total fee award to $875.00.

Although Defendant is correct that Plaintiff failed to file a timely corporate disclosure statement, that fact has no bearing on her obligation to pay attorney fees. The purpose of a

3

corporate disclosure statement is to enable the Court to determine whether any financial issues warrant recusal. *See Scheibler v. Highmark Blue Shield*, 243 Fed. Appx. 691, 694 (3d Cir. 2007) ("[Plaintiff] was in no way prejudiced by the Defendants' failure to file a Disclosure Statement under Federal Rule of Civil Procedure 7.1. Such statements are intended to provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case."). Plaintiff has now filed a corporate disclosure statement [*see* Doc. 38], and having reviewed that statement, the Court finds it has no financial interest in this matter. Thus, Defendant was not prejudiced by the Rule 7.1 violation. Moreover, the Court finds Defendant's allegations of fraud to be baseless.

Because the time expended and hourly rate cited by Plaintiff's counsel are reasonable, the Second Amended Application for Attorney Fees will be granted.

## III.     MOTION FOR SANCTIONS

Requesting sanctions, Plaintiff claims that defense counsel committed fraud by filing this action under the name of Stoneybrooke Investors LLC, instead of Stoneybrooke Heights LLC, which has a parent company of Sundance Property Management LLC in Ohio. [Doc. 39 at 2]. According to Plaintiff, this was a "strategic decision to deceive the Court to issue a remand of the case with fraudulent representations of Stoneybrooke Investors LLC." [*Id.*]. Plaintiff's request for sanctions appears to be a thinly veiled attempt to relitigate the remand and cast doubt on the legitimacy of the underlying case. As explained previously, pursuant to 28 U.S.C. § 1447(d), the Court lacks jurisdiction to reconsider the remand. [*See* Doc. 26]. And even if the Court could reconsider, Plaintiff's allegations do not provide a basis for federal jurisdiction over the detainer

4

action.[1] To the extent the Court has jurisdiction over Plaintiff's sanctions motion, the motion is denied because there is no evidence defense counsel intended to defraud the Court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Application for Attorney Fees [Doc. 32] is **GRANTED**. Defendant is **ORDERED** to pay the lodestar amount of $875.00 to reimburse Plaintiff for fees incurred due to her frivolous removal. Plaintiff's original Application for Attorney Fees and Amended Application for Attorney Fees [Docs. 22, 23] are **DENIED as MOOT**. Defendant's Motion for Sanctions [Doc. 39] is **DENIED**.

The Court will enter a judgment consistent with this opinion.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that on June 25, 2024, the Sixth Circuit Court of Appeals dismissed Defendant's appeal of the Court's Remand Order due to lack of jurisdiction. [Doc. 33-1].